## McDANIEL, adm'r, *vs.* HOOKS.

1. When an administrator in selling land which is encumbered with a vendor's lien, agrees with the purchaser, before the sale, to take up the lien, he is bound to allow the lien in settling with the purchaser.

Complaint, in Lee Superior Court. Tried before Judge PERKINS, at March Term, 1860.

Robert L. McDaniel, as administrator of Jacob Shiver, deceased, instituted suit in Lee Superior Court, against Jesse W. Hooks and Hardy Hooks, to recover the sum of a promissory note signed by the defendants, and payable to the plaintiff for $371 34.

When the case came on for trial, the defendants proposed to prove by Dr. Munroe, that the note sued on was given for a lot of land sold by plaintiff at administrator's sale, of which Jese Hooks was the purchaser; that pending the sale, Munroe told Hooks that he held a note on Shiver, the deceased, which was given for the same lot of land, and that it was agreed that if Hooks became the purchaser of the land at the sale, and would take up the note from Munroe, that the plaintiff would accept it as credit or payment on the note sued on as far as it would go; that pursuant to this agreement, Hooks purchased the note from Munroe.

The presiding Judge excluded this testimony, and judgment was rendered for the plaintiff for the full amount of the note sued on.

Counsel for defendant moved for a new trial on the ground that the Court erred in excluding the testimony.

The Court granted the new trial, which is the error alleged.

F. H. WEST, for plaintiff in error.

IRWIN & BUTLER, *contra*.

*By the Court.*—STEPHENS, J., delivering the opinion.

In this case, an administrator sued on a note which was given to him for land which he, as administrator, had sold as the property of his intestate. The evidence offered in defense against the note was, in substance, this: The deceased not having paid the entire purchase money for the land, died leaving his unpaid note for the balance, constituting a ven-

McDaniel *vs.* Hooks.

dor's lien on the land. The administrator when about to sell the land, which he must have sold, subject to the vendor's lien, or cleared it from the lien by paying up the remainder of the purchase money due by his intestate, agreed with the defendant to accept that outstanding note of the intestate as a set-off against the price which the defendant might give for the land at the administrator's sale which was about to take place, if the defendant would buy the land. He did buy it, and in giving his note for the price, had it understood that the other note which had a vendor's lien was to be allowed as a set-off. The defense asked that this set-off might be allowed, and that the evidence which proved it, might be admitted. We think the defense was a good one, and that the Judge was right in granting a new trial, because the evidence had been rejected. The substance of the administrator's promise was to clear the land of that vendor's lien, and the clearing of the lien was a part of the consideration of the note which the defendant gave. Now, when he refuses to clear the lien by taking up the note which constitutes it, there is a partial failure of consideration.

Judgment affirmed.